| | |
|---|---|
| STATE OF VERMONT | ORLEANS SUPERIOR COURT |
| COUNTY OF ORLEANS, ss. | Docket No. 37-2-18 Oscv |
| DARCY BELDING | |
| Plaintiff, | FILED |
| v. | FEB 26 2018 |
| STATE FARM MUTUAL AUTOMOBILE | VERMONT SUPERIOR |
| INSURANCE COMPANY | COURT |
| Defendant. | ORLEANS UNIT |

## COMPLAINT

NOW COMES, Plaintiff, Darcy Belding, by and through his attorneys, Adler & McCabe, PLC and hereby complains against State Farm Mutual Automobile Insurance Company (hereinafter State Farm) as follows:

1. Darcy Belding is a natural person and a summer resident of Westmore, Orleans County, Vermont. In the winter, Mr. Belding is a resident of Cocoa Beach, Florida.

2. State Farm is an insurance company licensed to do business in Vermont.

3. Brooke Marsh was at all times material a natural person and resident of Orleans County, Vermont.

4. On or about July 22, 2017, Darcy Belding had in full force and effect an automobile insurance policy issued by State Farm and bearing policy number 59-2392-S50. This policy provided coverage for, *inter alia*, a 2017 Toyota Tacoma bearing vin number 5TFAZ5CN5GX014234 (policy).

5. The policy covers Mr. Belding for personal injuries when Mr. Belding is entitled to recover from an uninsured or underinsured motorist.

RECEIVED
BURLINGTON, VT

2:18-cv-54

LAW OFFICES OF
ADLER & McCABE
PLC
P. O. BOX 189
ST. JOHNSBURY, VT
05819

6. The Policy provides underinsured motorist coverage in the amount of $100,000.00 in the event a tortfeasor has insufficient coverage to fully compensate an insured for covered losses.

7. On or about July 22, 2017, Mr. Belding was operating his 2017 Toyota Tacoma in the town of Newport, Orleans County, Vermont when he was struck by a vehicle operated by Brooke Marsh.

8. The resultant investigation by law enforcement authorities concluded that Brooke Marsh was one hundred percent at fault for the accident.

9. At all times material, Ms. Marsh was insured by Geico Insurance which included $25,000.00 of bodily injury coverage and $25,000.00 of property damage coverage.

**PROPERTY DAMAGE CLAIMS**

The preceding counts are realleged as if fully set forth herein.

10. State Farm has agreed that of the $25,000.00 in property damage, $17,184.01 would be paid to State Farm and $7,815.99 for Mr. Belding.

11. Geico Insurance has offered to pay its full policy limits of $25,000.00 for property damage based upon the above apportionment.

12. State Farm has to date not consented to the $25,000.00 property damage component of the recovery and to date has failed and refused to sign a release allowing Geico to pay over its $25,000.00 of property damage coverage.

LAW OFFICES OF
ADLER & McCABE
PLC
P. O. BOX 189
ST. JOHNSBURY, VT
05819

2

13. As a direct and proximate result of State Farm's refusal to consent to the $25,000.00 property damage claim, Mr. Belding is being deprived of his portion of the property damage and has incurred additional losses and damages as a result.

**PERSONAL INJURY CLAIM**

The preceding counts are realleged as if fully set forth herein.

14. Geico Insurance, with State Farm's consent, did pay its full policy limits of $25,000.00 to Mr. Belding.

15. State Farm gave permission to Mr. Belding to settle with Geico Insurances policy limits, which he did, thereby rendering available the underinsured motorist coverage under the terms of the State Farm policy.

16. In accordance with the terms of his State Farm policy, Mr. Belding cooperated fully with State Farm and provided it with multiple medical records and bills establishing the basis for his underinsured motorist claim.

17. Mr. Belding provided State Farm with documentation that he had already incurred over $25,000.00 in medical bills.

18. Mr. Belding provided State Farm with documentation from medical providers stating that he needs bilateral shoulder surgery as a result of injuries from this accident, as well as other continuing treatment.

19. Medical bills including the upcoming surgeries are projected by the medical providers to exceed $100,000.00.

20. Mr. Belding has also lost income as a result of injuries suffered in the July 22, 2017 accident.

LAW OFFICES OF
ADLER & McCABE
PLC
P. O. BOX 189
ST. JOHNSBURY, VT
05819

3

21. Defendant State Farm is contractually obligated to pay for the losses incurred as a direct and proximate result of an underinsured motorist's negligence.

22. After granting permission for the $25,000.00 bodily injury settlement with Geico, State Farm then failed and refused to resolve the remaining underinsured motorist claim in a good faith basis.

23. Mr. Belding has complied with all of the "consent to settlement" provisions of his State Farm policy.

24. Mr. Belding is an insured under the State Farm policy, was using an insured motor vehicle and suffered serious injury in accordance to the State Farm policy.

25. State Farm has failed and refused to pay compensatory damages for bodily injuries suffered by Mr. Belding to which he is legally entitled to recover.

26. When State Farm finally agreed to make an offer of compensatory damages, its offer was not made in good faith and woefully undervalued the claim, being far less than the amount of incurred or projected medical bills.

27. State Farm has in bad faith challenged the need for surgery without having any medical opinion whatsoever that the surgery is unnecessary.

28. Mr. Belding has endured pain and suffering as a result of his injuries.

29. Mr. Belding has suffered a loss of consortium as a direct and proximate result of his injuries.

30. Mr. Belding has suffered injuries in this accident, some of which are serious and permanent.

LAW OFFICES OF
ADLER & McCABE
PLC
P. O. BOX 189
ST. JOHNSBURY, VT
05819

4

31. State Farm has breached its duty to its insured to conduct a good faith evaluation of damages.

32. State Farm has breached their advertising promises and are not acting like a good neighbor to their insureds.

WHEREFORE, Plaintiff, Darcy Belding, respectfully requests that the Court award him:

    A.    Medical expenses, past, present and futre;

    B.    Loss of income;

    C.    Pain and suffering;

    D.    Loss of consortium;

    D.    Consequential damages;

    E.    Loss of enjoyment of life

    F.    Attorney's fees, interests and costs of this action, and punitive and exemplary damages for State Farms bad faith refusal to adjust this claim in compliance with its statutory and contractual obligations and

    G.    Such other relief as is just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues in the above-referenced matter.

Dated at St. Johnsbury, Vermont, this _____ day of February, 2018.

                        ADLER & MCCABE, PLC
                        Attorneys for Plaintiff Darcy Belding

                        By: _____
                        Steven A. Adler

LAW OFFICES OF
ADLER & McCABE
PLC
P. O. BOX 189
ST. JOHNSBURY, VT
05819